UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HARRIS,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | **Case No. 1:15-cv-01763---EPG**<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 2) |

Plaintiff Allen Harris ("Plaintiff"), represented by counsel, filed an application to proceed *in forma pauperis* ("IFP") on November 20, 2015. (ECF No. 2.) For the reasons that follow, the Court RECOMMENDS that Plaintiff's application be DENIED.

An action may proceed despite a plaintiff's failure to prepay a filing fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). To receive such leave, a plaintiff must submit an affidavit showing his or her inability to pay the requested fees. 28 U.S.C. § 1915(a); *O'Laughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). A demonstration of inability to pay requires that a plaintiff show that he or she "cannot because of poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination whether a party can proceed IFP is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Schweitzer v. Scott*, 469 F.Supp.

1

1017, 1019 (C.D. Cal. 1979), *quoting Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process"). When examining an application for IFP status, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D. R.I. 1984) ("petitioners with modest cash reserves are not paupers within the intendment of 28 U.S.C. § 1915(a) for the purpose of filing fees, initial service of process costs and the like").

In particular, an application to proceed IFP can be denied where a plaintiff has adequate cash reserves to pay the filing fee. *See, e.g.*, *Ogidi v. United States*, 857 F.Supp. 4, 6 (E.D.N.Y. 1994) (finding that plaintiff "failed to demonstrate that he is entitled to proceed in forma pauperis" because he had "assets totaling $5,200 in two bank accounts"); *Ali v. Cuyler*, 547 F.Supp. 129, 130 (E.D. Pa. 1982) ($450 in savings account "more than sufficient to allow the plaintiff to pay the filing fee in this action without foregoing basic human needs," making "plaintiff's situation . . . not appropriate for in forma pauperis treatment"); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746, 746 (M.D. Pa. 1976) (payment of $5 filing fee required where plaintiff had $170.40 in his prison trust account); *Carroll v. United States*, 320 F.Supp. 581, 582 (S.D. Tex. 1970) (denying *in forma pauperis* status where plaintiff's "liquid assets admittedly exceed the filing fee by some thirteen times").

Plaintiff represents that he is currently unemployed, but has approximately $148,000 (or 370 times the amount of the required $400 filing fee) in cash or checking or savings accounts. (ECF No. 2.) His only dependent is his wife, Lisa Harris, although he only describes the amount he contributes to her support as "3/4."

The Court finds that Plaintiff is not entitled to proceed without prepayment of the $400 filing fee. In sum, very little suggests that this case should fall within the "exceptional circumstances" justifying IFP status.

Based on the foregoing, the Court RECOMMENDS that:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) be DENIED; and,

2. Plaintiff be required to submit the filing fee of $400.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015).

IT IS SO ORDERED.

Dated: **December 1, 2015**               /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3